AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| CHRISTOPHER EWELL, | Case Number: 07-236-M |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
NOV 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that
Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court at the preliminary and detention hearings, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant was arrested by Wilmington PD following a traffic stop. He was driving the vehicle. Sometime after officers observed the Defendant remove a jacket and place it elsewhere in the vehicle, officers found within that jacket a Raven Arms .25 caliber pistol and four bags of marijuana.

the weight of the evidence: is strong. In addition to the officers' observations, the Defendant made a statement to the effect that he had the firearm for protection and for "beefing," which may have been a reference to intended violent interactions with other individuals. There does not appear to be any dispute that Defendant has a prior felony conviction and that the firearm traveled in interstate commerce.

the history and characteristics of the Defendant: Defendant has a felony conviction for aggravated menacing, which arose from an incident in which he was denied access to a party and consequently discharged a firearm into the air. His other offenses were handled as juvenile delinquencies. Until his arrest he was living with his mother, who continues to support him and has offered to serve as a third-party custodian. Defendant denies alcohol and drug use, had steady employment, and earned a GED and some college credit. He was discharged from probation early for his aggravated menacing conviction and apparently complied fully with the terms of his probation.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession, with at least one conviction for a violent use of a firearm, and having been found in possession of drugs and a gun, the Defendant would pose a danger to the community if released.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_November 29, 2007_
Date

_/s/ Leonard P. Stark_
Signature of Judge

**Leonard P. Stark U.S. Magistrate**
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).