IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal Action No. 07-169-SLR |
| : | |
| CHRISTOPHER EWELL, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Christopher Ewell, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the government's use any and all evidence illegally seized by law enforcement officials from Mr. Ewell or from the Buick in which he was riding, on or about November 26, 2007, including any and all of Mr. Ewell's statements made to law enforcement officers.

In support of this motion, Mr. Ewell avers as follows:[1]

1.    On November 26, 2007, Officers Reeves and Conkey of the Wilmington Police Department conducted a traffic stop of a Buick which Mr. Ewell was driving, claiming that Mr. Ewell disregarded two stop signs. After approaching the vehicle, the officers claim that Mr. Ewell placed

---

[1] The facts contained in this motion were taken from the police reports prepared in connection with this case. Although Mr. Ewell cites these facts in his motion, he does not concede that the events transpired as stated by the officers in this case. Mr. Ewell submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

his jacket on the front passenger seat, at which time the officers allegedly observed the jacket sagging to one side. Mr. Ewell produced his license and registration after being asked to do so by the officers. Officer Conkey asked Mr. Ewell if there was anything in the vehicle, to which Mr. Ewell replied that there was not. Officer Conkey alleges that he smelled an odor of what he believed to be marijuana coming from the vehicle. Mr. Ewell was subsequently ordered out of the vehicle and patted down by Officer Reaves. Officer Conkey retrieved the jacket from the vehicle and searched it, finding a handgun in the pocket of the jacket. Also located in the same pocket were four small ziplock bags containing what appeared to be marijuana. Subsequent to being placed into custody, Mr. Ewell made several incriminating statements in response to questioning by the officers.

2.  A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991). "When police make a traffic stop, a passenger in the car, like the driver, is seized for Fourth Amendment purposes and [] may challenge the stop's constitutionality." Brendlin v. California, 127 S.Ct. 2400, 2401, 2007 WL 1730143 (U.S.Cal.). Mr. Ewell was clearly seized by police in this case. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

3.  The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

4. In the present case, there was no probable cause or reasonable suspicion to justify the warrantless search of the vehicle or of the jacket. Because the search was illegal, all evidence seized from this illegal search, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

5. Mr. Ewell also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

6. It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

7. In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant). The government has provided no evidence that Mr. Ewell's waiver of his rights was a knowing, intelligent, or voluntary waiver.

8. Mr. Ewell reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence And Statements after the completion of a hearing in this matter.

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about November 26, 2007, including any statements made by Mr. Ewell.

Respectfully submitted,

/s/
Eleni Kousoulis
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Christopher Ewell

Dated: January 31, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-169-SLR |
| CHRISTOPHER EWELL, | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant's Pre-trial Motion to Suppress Physical Evidence And Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that any evidence seized at the time of Mr. Ewell's arrest in this case, including any statements made by Mr. Ewell, shall be suppressed.

_____
Honorable Sue L. Robinson
United States District Court